UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KRISTI J. CIPRIANI,                          :

      Plaintiff,                            :

      vs.                                   :   No. 3:11cv537(SRU)(WIG)

MICHAEL J. ASTRUE,                           :
Commissioner of Social Security,
                           :
      Defendant.
-----------------------------------------------------X

ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT
WITH REVERSAL AND REMAND [DOC. #17]

      Defendant, Michael J. Astrue, Commissioner of the Social Security Administration, has

moved this Court to enter judgment with a reversal and remand of this cause to the

Commissioner. Counsel for Defendant represents that she has contacted Plaintiff's counsel, John

Wirzbicki, who consents to the relief sought in this motion.

      Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter a judgment

with a reversal and remand of the cause to the Commissioner for further proceedings.  *See*

*Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).

Remand for further development of the record is appropriate when gaps exist in the

administrative record or when the administrative law judge ("ALJ") committed legal error.  *See*

*Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

      Here, the Commissioner has determined, and Plaintiff's counsel concurs, that remand of

this case is necessary for further development of the record and additional administrative action.

Upon remand, the Appeals Council will vacate the ALJ's decision and remand the case to an ALJ

for a new hearing and new decision.  The ALJ will be directed to (1)  reassess Plaintiff's residual

functional capacity and credibility with reference to specific evidence of record that supports the findings; (2) weigh the medical opinion evidence and explain the reasons for the weight afforded these opinions; and (3) as necessary, obtain testimony from a vocational expert at step five of the sequential evaluation process.  In addition, the Appeals Council will direct the ALJ to also determine whether drug or alcohol addiction is material to any determination of disability.

Accordingly, the Court hereby GRANTS the Defendant's Assented to Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant [Doc. # 17].  Plaintiff's Motion to Reverse the Decision of the Commissioner [Doc. # 14] is GRANTED to the extent set forth in this Order.

This is not a Recommended Ruling.  The parties have consented to the Magistrate Judge's entering a final order in this case without the need for entry of a recommended ruling and review by a District Judge.  See Fed. R. Civ. P. 73(b).

The Clerk is directed to enter a separate judgment in favor of Plaintiff in this matter under Rule 58(a), Fed. R. Civ. P., to remand this cause to the Commissioner for further administrative proceedings in accordance with this Order, and to close this case.

It is SO ORDERED, this   5th   day of January, 2012, at Bridgeport, Connecticut.


    /s/ *William I. Garfinkel*
        WILLIAM I. GARFINKEL
        United States Magistrate Judge

2